IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CLINTON R. SCOTT,** | ) | CASE NO. 1:23 CV 2116 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **RYAN WYPASEK, et al.,** | ) | AND ORDER |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Clinton R. Scott, an inmate in the Lorain Correctional Institution, filed this action under 42 U.S.C. § 1983 against Ohio Adult Parole Officer Ryan Wypasek, Ohio Adult Parole Authority Hearing Officer Christopher J. Wilson and Lorain Correctional Institution Warden Jennifer Black. Plaintiff appears to contest a finding that he violated the terms of his post release control. He asks this Court to terminate his post release control.

**I.      Background**

Plaintiff's Complaint is brief and is missing factual information needed to fully understand what occurred. He alleges that Wypasek visited his grandmother's house in February, while he was still incarcerated in the Belmont Correctional Institution. He indicates Wypasek told his mother than he needed to have his name put on the lease to be released there on post release control. He alleges, without explanation, that Wypasek did not follow protocol or inform her of the rules. It is not clear whether Plaintiff is referring to his mother or his grandmother.

Plaintiff then alleges Christopher Wilson denied him legal help and did not accept proof of ownership of a firearm. He states, without explanation, that the reason "they came to the house"

had nothing to do with him. (Doc. No. 1 at PageID #: 4). He does not provide any additional information about that incident.

Finally, Plaintiff alleges he filed a writ of habeas corpus. He does not indicate in which Court he filed his petition. This Court has no record of such a petition from Plaintiff. He alleges he claimed violations associated with his ten-year sentence and how "this is double jeopardy and how PRC is unconstitutional." (Doc. No. 1 at Page ID #: 4). He claims that all the responses were the same that he did not submit commitment papers. He contends he filed a mandamus action and was told he "filed the wrong address." (Doc. No. 1 at Page ID #: 4). He states he followed all the instructions in the *pro se* packet. He indicates, "they give me some poor excuse that I did something wrong which I have not." (Doc. No. 1 at Page ID #: 4).

Plaintiff does not assert any legal claims against the Defendants. His only request for relief is for this Court to terminate his post release control.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff's Complaint fails to state a claim upon which relief may be granted. To satisfy the minimum notice pleading requirement of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not assert any legal claims, and none are apparent on the face of the Complaint. In addition, he failed to allege sufficient facts for the Court to piece together what allegedly happened to him. Absent these elements, Plaintiff did not meet the minimum pleading requirements and failed to state a claim upon which relief may be granted.

In addition, Plaintiff cannot obtain the relief he requested in a civil rights action. He seeks termination of post release control, which is part of a state criminal sentence. This relief may only be obtained in federal court through a habeas corpus petition filed after Plaintiff has exhausted his state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith.

IT IS SO ORDERED.

December 16, 2024
Date

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE